# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

ESTATE OF L.B. WILSON, BY AND THROUGH
SARAH WILSON, ADMINISTRATRIX                                          Plaintiff

vs.                                                        Civil Action No. 2:07cv55

MARINER HEALTH CARE, INC., et al.                                    Defendants

## ORDER

With regard to the motions in limine presently pending in the above-entitled action, the court rules as follows:

1. Plaintiff's motion in limine [135-1] to prohibit mention of the fact that its counsel has "advertised its services" is unopposed and will be granted.

2. Plaintiff's "exclusionary motion in limine" [136-1] sets forth a lengthy laundry list of matters, most of them of a highly vague nature, which plaintiff would have this court prohibit prior to trial. This motion constitutes an improper "shotgun" motion which fails to meet this court's standards for motions in limine. This court has previously held that motions in limine should be "narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *Bruno v. RIH*, No. 2:06cv163 (N.D. Miss. 2008). Plaintiff's motion fails to meet these criteria and will therefore be stricken.

3. Plaintiff's motion in limine [137-1] to prohibit mention of other lawsuits filed by plaintiff's counsel against other nursing homes in Mississippi is unopposed and will be granted.

4. Defendant has filed a motion in limine [139-1] to prohibit plaintiff's registered nurse expert witness, Olive Brown, RN, from offering certain medical opinions which, defendant argues, may only be offered by a medical doctor. In addressing a similar motion in the recent

decision of *Johnson ex rel Johnson v. Mariner Health Care, Inc.*, 2008 WL 2037747 (S.D. Miss. 2008), Judge Bramlette wrote as follows:

> The recent case of *Barton v. United States*, 2008 WL 872304 (S.D.Miss. March 27, 2008), decided shortly after briefing was completed on the defendants' motion, suggests that Nurse Bridges might be allowed to give an opinion on causation, specifically "that nursing failures could cause the decubitus in question." *Id.* at *3. The answer to this question depends on at least two factors. First is an assessment of the qualifications of the expert, in light of the specific facts of the case. Second is the distinction between a medical diagnosis, which a nurse is not allowed to make (Miss.Code Ann. § 73-15-5(2)), and a nursing diagnosis, which a nurse is allowed to make (Miss.Code Ann. § 73-15-5(2)). *See also Harris v. Holly Springs Health & Rehabilitation Center*, 2005 WL 2347279 *2 (N.D.Miss. Sept. 26, 2005)(noting that plaintiff would be offering nurse expert's "testimony regarding both the standard of care provided to [patient], as well as, the causal connection between the bedsores and the amputation of [patient's] right leg," and reserving specific objections to nurse as an expert for trial).

*Johnson,* slip op. at 1. Judge Bramlette further observed that "in light of Mississippi law allowing a nurse to make a nursing diagnosis, and relevant case law allowing a nurse expert to testify as to proximate cause in certain circumstances, the defendants' objections shall be reserved for trial." This court will similarly reserve until trial any ruling upon defendant's objections. The court would note its agreement with Judge Bramlette, however, that Nurse Brown may offer nursing, but not medical, opinions in this case, and plaintiff should not rely upon Ms. Brown to offer any opinions which should be offered by a medical doctor. With this caveat, defendant's motion in limine will be dismissed without prejudice at this juncture, and defendant will have full opportunity to raise any objections in this regard at trial.

SO ORDERED, this the 16th day of December, 2008.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI